# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1180 | **DATE** | 11/23/2004 |
| **CASE TITLE** | Blalock vs. Illinois Dept. of Human Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss is granted in part and denied in part. The motion to dismiss plaintiff's Title VII and ADA claims as untimely filed is denied. The motion as to plaintiff's ADA claim is granted. Plaintiff's prayer for punitive damages is stricken. Enter Memorandum Opinion and Order. Status hearing set for 12/10/04 at 10:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **2** number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 2 4 2004 date docketed | |
| | Notified counsel by telephone. | | | 2 2 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/23/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE W. BLALOCK, )
 )
       Plaintiff, )
 )
v. ) No. 04 C 1180
 )
ILLINOIS DEPARTMENT OF HUMAN )
SERVICES, )
 )
       Defendant. )
 )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Elaine W. Blalock filed a complaint for employment discrimination against her employer, the Illinois Department of Human Services ("IDHS"), asserting claims of sex discrimination in violation of Title VII of the Civil Rights Act of 1967 ("Title VII") and the Illinois Human Rights Act ("IHRA") and disability discrimination in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"). IDHS now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). I grant the motion in part and deny the motion in part.

On a motion to dismiss, I take all allegations in the complaint as true. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397. 401 (7th Cir. 1996). Because Ms. Blalock is proceeding *pro se*, her complaint must be liberally construed and is entitled to less stringent scrutiny than those prepared by counsel. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The facts as alleged

by Ms. Blalock are as follows. Ms. Blalock has been employed as a case worker with the IDHS and its predecessor agency since 1974. From April 10, 2002 to May 1, 2002, Ms. Blalock claims that she was subjected to a series of unpleasant encounters with supervisors and co-workers in which she was confronted, yelled at, threatened with termination, given poor performance reviews, and referred to by co-workers as "crazy." There is no indication in the complaint that Ms. Blalock was ever terminated, suspended, demoted, or that she suffered a reduction in pay related to her complaints. On May 23, 2002, Ms. Blalock filed a charge with the Equal Employment Opportunity Commission ("EEOC"), allegedly stating that she had been discriminated against on the basis of her sex and perceived disability.[1] The EEOC subsequently issued a right-to-sue letter to Ms. Blalock on November 7, 2003. The notice was received by Ms. Blalock's former attorney on November 22, 2003. Ms. Blalock filed this action on February 17, 2004.

I.

IDHS claims that Ms. Blalock failed to file her complaint within the ninety-day limitation period from the time the EEOC gave notice of her right to sue. Before a plaintiff can bring an action under Title VII or the ADA, she must first receive a right-to-sue letter from the EEOC. *Flaherty v. Illinois Dept. Of Corrections,*

---

[1] Ms. Blalock did not attach a copy of her EEOC charge to her complaint.

No. 94-C-1065, 1994 WL 687540, at *1 (N.D.Ill. 1994). After receiving this letter, she has ninety days in which to file suit. *Id.* (citing 42 U.S.C. § 2000e-5(f)). These are statutory, not jurisdictional requirements, akin to a statute of limitations. *Id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 285, 393 (1982)). The ninety-day period does not begin to run until the plaintiff or her attorney actually receives the right-to-sue letter. *Saxton v. American Telephone and Telegraph Co.*, 10 F.3d 526, 532 n.11 (7th Cir. 1993). Here, Ms. Blalock has alleged that her attorney received notice of her right to sue on November 22, 2003. This suit was filed on February 17, 2004, eighty-seven days after Ms. Blalock purportedly received the letter.

IDHS contends that because the right-to-sue letter indicates that it was mailed to Ms. Blalock on November 7, 2003, she must plead an explanation for this two-week delay in receiving the letter from the time it was purportedly sent, and that failing to do so makes her claim defective. Ms. Blalock confuses the issue further in her response by stating that her mail was often mis-delivered and that she received "notice from the EEOC" just two days prior to filing the present action. On August 18, 2004 I issued a minute order giving Ms Blalock twenty-one days to submit an affidavit stating when she received her right-to-sue letter from the EEOC. On August 30, 2004, Ms. Blalock submitted her own signed affidavit and an accompanying letter signed by her former attorney stating that her attorney did in fact receive her right-to-sue

letter on November 22, 2003. In the absence of any evidence to the contrary, this is sufficient. *See Saxton v. American Telephone and Telegraph Co.*, 10 F.3d 526, 532 n.11 (7th Cir. 1993). If IDHS wishes to disprove this allegation, it is free to investigate the matter further, but at this stage, I am satisfied that plaintiff has filed within the statutorily prescribed time frame. The motion to dismiss Ms. Blalock's Title VII and ADA claims as untimely filed is denied.

II.

IDHS next argues that Ms. Blalock's ADA claim is barred by the Eleventh Amendment and must be dismissed.[2] The Eleventh Amendment states that "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the States by citizens of another State...."[3] U.S. CONST. amend. XI. There are two well recognized exceptions to a State's Eleventh Amendment immunity. First, Congress may abrogate the states' Eleventh Amendment immunity under

---

[2] IDHS, appropriately, does not argue that Ms. Blalock's Title VII claim is barred by the Eleventh Amendment. *See Nanda v. Bd. of Trs.*, 303 F.3d 817, 831 (7th Cir. 2002) (Title VII claims for disparate treatment against states and state agencies validly abrogate Eleventh Amendment immunity).

[3] Although the text of the Eleventh Amendment refers only to suits against a State by citizens of another State, the Amendment has been interpreted to provide immunity for states from suits brought against it by its own citizens. *See e.g. Tennessee v. Lane*, 124 S.Ct. 1978, 1985 (May 17, 2004); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

§ 5 of the Fourteenth Amendment. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)(citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Second, a State may waive its immunity and consent to suit brought by a private citizen. *Kimel*, 528 U.S. at 73. To abrogate the Eleventh Amendment by Congressional action, Congress must unequivocally intend to do so and "act pursuant to a valid grant of constitutional authority." *Id*. The Supreme Court in *Garrett* held that Title I of the ADA was not a valid exercise of Congress' power to abrogate the states' Eleventh Amendment immunity. *Garrett*, 531 U.S. at 360. Therefore, federal courts do not have jurisdiction to hear these types of claims unless the state waives its immunity. *Id.; see also Velasco v. Ill. Dept. of Human Services*, 246 F.3d 1010, 1016 (7th Cir. 2001).

The second question, whether Illinois has waived immunity with respect to ADA claims is slightly more complicated. "A State may effectuate a waiver of its constitutional immunity by a state statute or constitutional provision, or by otherwise waiving immunity to suit in the context of a particular federal program." *Bartley v. U.S. Dept. of the Army*, 221 F.Supp.2d 934, 950 (N.D.Ill. 2002) (quoting *Nelson v. Illinois*, 36 F.3d 684, 690 (7th Cir. 1994)). Under the recently enacted amendment to the Illinois State Lawsuit Immunity Act, which became effective on January 1, 2004, Illinois expressly waived its immunity from suit by State employees

for violations of the ADA in federal court.[4] 745 ILCS 5/1.5(d) (2004). It appears clear however, that this statutory amendment is not retroactive.[5] The State's subsequent waiver of immunity does not apply to Ms. Blalock's claims to the extent that they pertain to conduct that occurred in 2002.[6] Thus, the state and its agencies are immune from Blalock's claim under the ADA. *Bottoms v. Ill. Dept. Of Human Services*, 03-C-1881, 2004 WL 1403811 *3 (N.D.Ill. 2004). Accordingly, I grant the motion to dismiss Ms. Blalock's ADA claim.

III.

IDHS next contends that Ms. Blalock's prayer for punitive damages must be dismissed because IDHS, as a state agency, is not subject to punitive damages under either the ADA or Title VII. This

---

[4] Ms. Blalock does not raise this statute as a basis for this court's jurisdiction. I address the issue because it bears on this court's jurisdiction over the ADA claim and in light of the plaintiff's pro se status.

[5] *See Bottoms v. Ill. Dept. Of Human Services*, No. 03-C-1881, 2004 WL 1403811, at *3 (N.D.Ill. June 22, 2004) (Plunkett, J.)(applying the retroactivity test adopted in Illinois in *Foster Wheeler Energy Corp. v. LSP Equip. LLC*, 805 N.E.2d 688, 692 (Ill. Ct. App. 2004) from *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994), finding these amendments are not retroactive).

[6] Although Ms. Blalock states in the narrative attached to her complaint that the discrimination she suffered has continued from "April 10, 2002 to the present," that statement is inconsistent with the statement earlier in her complaint that the discrimination occurred from April 10, 2002 to May 1, 2002. Moreover, it makes little difference because Ms. Blalock received her right to sue letter from the EEOC on November 22, 2003, and the scope of the charges for which she has properly exhausted her administrative remedies ended at the latest in 2003.

assertion is correct. 42 U.S.C. § 1981a exempts government agencies from judgments for punitive damages, with respect to both Title VII and ADA claims. 42 U.S.C. § 1981a(b)(1), provides in relevant part:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency, or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

For purposes of this statute, a state agency is considered a governmental agency. *Hudson, v. Ill. Dept. of Human Services*, 2003 WL 22839819 *4 (N.D. Ill. 2003) (*citing Krawczyk v. Re,* 37 F.Supp.2d 1106, 1109 (N.D.Ill.1999)). Because IDHS is a state agency, it is exempt from judgments for punitive damages in this context. *Hudson*, 2003 WL 22839819, at *4. Ms. Blalock's prayer for punitive damages is therefore stricken.

IV.

IDHS finally argues that Ms. Blalock's state law discrimination claim under the Illinois Human Rights Act ("IHRA") must be dismissed for lack of subject matter jurisdiction where there are no viable federal claims to which supplemental jurisdiction may attach. IDHS's stated basis for dismissing Ms. Blalock's IHRA claim fails in light of the survival of Ms. Blalock's Title VII claim. IDHS's motion to dismiss is denied with respect to her Title VII and IHRA claims and is granted without

prejudice as to Ms. Blalock's claims under the ADA and for punitive damages.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 23, 2004